IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| JEFFREY DOUGLAS RATHELL, SR., | * | Case No. 19-15056-TJC |
| | | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Monique D. Almy, Chapter 7 trustee ("Trustee"), on behalf of the bankruptcy estate of Jeffrey Douglas Rathell, Sr. ("Debtor" or "Estate"), by undersigned proposed counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, respectfully moves the Court for approval of a compromise and settlement with the Debtor, and in support thereof[1] states:

1. On April 12, 2019 ("Petition Date"), the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed as Chapter 7 trustee by the U.S. Trustee for Region Four.

2. During her administering the Estate, the Trustee learned that the Debtor had sold his one-half interest in a condominium in Ocean City, Maryland ("Property") to his then-girlfriend (they owned the Property jointly) for less than reasonably equivalent value during the two-year period prior to the Petition Date (*see* Almy Decl. ¶ 4);[2] the Trustee intended to seek to avoid the Transfer by initiating an adversary proceeding. (*See id.* ¶ 5). The Debtor disputes that the Transfer is avoidable or was made for less than the reasonably equivalent value.

---

[1] Filed contemporaneously herewith in support is the Declaration of Monique Almy, Chapter 7 Trustee ("Almy Decl.").

[2] Although the girlfriend did pay off (through refinancing) the Debtor's share of the outstanding mortgage debt, no consideration was provided for the Debtor's half-interest in the equity of the Property.

3. In order to quantify the monetary value of the Transfer (*e.g.*, the Debtor's equity portion in the sold Property), the Trustee obtained a market analysis of the Property *at the time of the sale* in September 2017. The broker providing this analysis opined that the Property then had a value at the low range of $235,000. From this, the Trustee applied a 10% reduction to capture the fluctuating market over the 18 months since the sale, leaving a total value of the Property of $211,500. To determine the equity in the Property, the Trustee then reduced the value by the $157,717 mortgage debt outstanding at the time of sale, leaving total equity of approximately $54,000. Thus, the Debtor's one-half equity interest in the Property at the time of sale was approximately $27,000. (*See* Almy Decl. ¶ 6).

4. As a result of arm's length negotiations, the Trustee and Debtor have agreed to resolve the Estate's avoidance claim relating to the Transfer, pursuant to the terms of a proposed settlement agreement. (*See id.* ¶ 7).

5. The Trustee has concluded that the proposed settlement is in the best interests of the Estate, considering, among other things, the cost, delay and uncertainty associated with litigation. (*See id.* ¶ 8).

6. With this Motion, the Trustee seeks approval of the proposed settlement agreement by and between the Trustee, solely in her capacity as Trustee of the Estate, and the Debtor (collectively, "Settling Parties"), a copy of which is attached hereto as **Exhibit A** ("Settlement Agreement"). The main elements of the proposed compromise and settlement include:[3]

---

[3] To the extent there is any inconsistency between the description in this Motion of the main elements of the Settlement Agreement and the actual terms and provisions of the Settlement Agreement, the terms and provisions of the Settlement Agreement shall control. There are other terms and provisions in the Settlement Agreement in addition to those described in paragraph 6 of this Motion. Capitalized terms used, but not defined in this Motion, shall have the meanings ascribed to them in the Settlement Agreement.

<ins>Settlement of Claim</ins>: The Trustee has an avoidance claim against the Debtor stemming from the Debtor's transfer of his half-interest in the equity of the Property for what the Trustee believes was less than reasonably equivalent value during the two-year period prior to the Petition Date ("<ins>Settled Claim</ins>").  The Settling Parties agree to settle any and all claims, demands, obligations, actions, and causes of action at law or in equity that the Trustee, solely in her capacity as Trustee of the Estate, asserted or could have asserted under the Bankruptcy Code against the Debtor or any successor or assign, arising out of the Settled Claim in consideration of the payment by the Debtor of the sum of **$27,000.00** ("<ins>Settlement Amount</ins>").  Prior to or upon execution of the Settlement Agreement by the Debtor, he shall pay the Settlement Amount to the Trustee to be held pending entry of a final, non-appealable order in this case approving the Settlement Agreement.

<ins>Mutual Releases</ins>: Upon payment of the Settlement Amount, the approval of the Settlement Agreement by a final, non-appealable order in this case, and the execution of the Settlement Agreement by each of the Settling Parties, the Trustee, solely in her capacity as Trustee of the Estate, on the one hand, and the Debtor, on the other hand, each waives and releases the other side and their respective successors and assigns from any and all actions, rights, claims, demands, defenses, disputes, damages, counterclaims, cross-claims, obligations, liabilities and causes of action relating to the Settled Claim, except for any and all claims and causes of action to enforce the terms of the Settlement Agreement.

<ins>Bankruptcy Jurisdiction</ins>: This Court shall retain exclusive jurisdiction to interpret and enforce the terms of the Settlement Agreement and resolve any related disputes.

7. The compromise and settlement of the Settled Claim will avoid any further cost or uncertainty of litigation regarding the Settled Claim.

8. The Trustee believes that such compromise and settlement is in the best interests of the Estate and the Debtor's creditors.

9. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, a court may approve a compromise or settlement after notice and a hearing.

10. In *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), the Supreme Court discussed the standards to be applied by

a bankruptcy court in considering whether to approve a proposed settlement within the context of a bankruptcy proceeding, instructing that the bankruptcy court should

> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

11. In *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139 (D. Md. 2001), the District Court refined this analysis by listing factors for the court to consider in approving a compromise and settlement. These factors include:

(a) probability of success in litigation;

(b) difficulties, if any, to be encountered in the matter of collection;

(c) complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and

(d) paramount interest of the creditors and a proper deference to their reasonable views.

*Id.* at 149.

12. The *Rahman* Court further explained that a court may approve settlement even over objection <u>unless</u> the proposed settlement falls below the "lowest point in the range of reasonableness." *Id.* at 150; *see also In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

13. Ultimately, when considering the above factors and principles, "the essential inquiry which this Court must make … is to determine whether the compromise reached by the parties is 'fair and equitable' and in the best interests of the estate." *Rahman*, 269 B.R. at 150; *see also In re Smith*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) ("[I]t is also the obligation of the

bankruptcy court to review independently a proposed compromise to determine whether it is fair and equitable and in the best interests of the bankruptcy estate."). Thus, "[o]bjection [to a proposed settlement] is not fatal to such a settlement if '[it] is found to be in the best interests of the estate as a whole.'" *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1138 (8th Cir. 1984)). Finally, "[i]t is well established that a bankruptcy court's approval of a settlement … is within its sound discretion." *Id.*

14. Here, the proposed compromise and settlement is reasonable and in the best interests of the Estate. The Settlement Agreement is the product of arm's length negotiations. The settlement also provides a mechanism for avoiding litigation with the Debtor with respect to the Settled Claim, as well as result in the recovery of value for the Estate and its creditors.

15. The proposed compromise and settlement is in the best interests of the Estate because it recovers the <u>same</u> amount that the Trustee could have expected to recover in a successful adversary proceeding. Thus, the proposed settlement avoids an unnecessary and costly litigation. (*See* Almy Decl. ¶ 8).

16. Having compared the benefits to creditors of entering into the Settlement Agreement to the risks of proceeding with unnecessary litigation, the Trustee believes that it is in the best interests of the Estate to enter into the Settlement Agreement. (*See id.* ¶ 9).

17. Notice of the Trustee's intent to compromise the Settled Claim described herein and in the Settlement Agreement has been sent to all creditors.

18. Based upon the foregoing, the Trustee hereby requests that the Court enter an Order authorizing and approving the proposed compromise and settlement upon the terms and conditions as set forth in the Settlement Agreement.

19. Pursuant to Local Rule 9013-2, the Trustee states that no separate memorandum will be filed and that she will rely solely upon this Motion.

20. Pursuant to Local Rule 9013-6, the Trustee states, in connection with Local Bankruptcy Rule 7012-1(b), that she consents to the entry of final orders or judgments by the Bankruptcy Judge.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order: (a) approving this Motion; (b) approving the Settlement Agreement; (c) authorizing the Trustee to enter into and take all steps necessary to consummate the Settlement Agreement; and (d) granting such other and further relief as is just and proper.

Dated: August 23, 2019                                        Respectfully submitted,

*/s/ Randall L. Hagen*
Randall L. Hagen (Bar No. 08099)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
(202) 624-2712 (telephone)
(202) 628-5116 (facsimile)
*Proposed Counsel for Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 23, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Trustee's Motion for Approval of Compromise and Settlement, together with Exhibit A, Declaration and proposed Order, will be served electronically by the Court's CM/ECF system on the following:

**Monique D. Almy** malmytrustee@crowell.com; cbest@crowell.com; malmy@ecf.axosfs.com

**Gregory Alan Dorsey** gdorsey@kellydorseylaw.com; tdorsey@kellydorseylaw.com

**L. Jeanette Rice** riceesq@att.net; riceesq10@gmail.com; jamierice22@yahoo.com; ricelr66670@notify.bestcase.com; tonii.waddy@walshbecker.com

      I HEREBY FURTHER CERTIFY that on August 23, 2019, a copy of the foregoing Trustee's Motion for Approval of Compromise and Settlement, together with Exhibit A, Declaration and proposed Order, was served via U.S. First Class mail, postage prepaid, on:

      **Office of the U.S. Trustee**
      101 W. Lombard Street, Suite 2625
      Baltimore, MD  21201

      **Jeffrey Douglas Rathell, Sr.**
      29432 Buckingham Drive
      Cordova, MD 21625
      *Debtor*

      */s/ Randall L. Hagen*
      Randall L. Hagen

DCACTIVE-51143308.1