# EXHIBIT A

Case 19-15056    Doc 41-1    Filed 08/23/19    Page 1 of 5

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is by and between Monique D. Almy, solely in her capacity as the duly appointed Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Jeffrey Douglas Rathell, Sr. ("Debtor"), on the one hand, and the Debtor, on the other hand (the parties to this Agreement, collectively, the "Settling Parties," and each a "Settling Party").

WHEREAS, on April 12, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"), thereby commencing Case No. 19-15056 ("Case"). Thereafter, the Trustee was duly appointed the Chapter 7 trustee for the Estate by the U.S. Trustee for Region Four.

WHEREAS, the Debtor sold his one-half interest in a condominium in Ocean City, Maryland ("Property") to his then-girlfriend (they owned the Property jointly) for what the Trustee believes was less than reasonably equivalent value during the two-year period prior to the Petition Date, which would constitute an avoidable transfer recoverable by the Trustee in the Case ("Transfer"). The Debtor disputes that the Transfer is avoidable or was made for less than the reasonably equivalent value.

WHEREAS, in order to quantify the monetary value of the Transfer (*e.g.*, the Debtor's equity portion in the sold Property), a market analysis of the Property *at the time of* the sale in September 2017 opined that the Property had a value at the low range of $235,000. From this, a 10% reduction was applied to capture the fluctuating market over the 18 months since the sale, leaving a total value for the Property of $211,500. Equity in the Property was determined by netting out the $157,717 mortgage debt outstanding at the time of sale (ultimately paid off by the girlfriend through refinancing), leaving total equity of approximately $54,000. Thus, the Debtor's one-half equity interest in the Property at the time of sale was approximately $27,000.

WHEREAS, as a result of arm's length negotiations, the Trustee and Debtor have agreed to resolve the Estate's avoidance claim against the Transfer ("Settled Claim") pursuant to the terms of this Agreement, which allows the Trustee to avoid litigation with the Debtor with respect to the Settled Claim, as well as the recovery of value for the Estate and its creditors.

WHEREAS, the Settling Parties have concluded that the proposed settlement is in the best interests of the Estate, considering, among other things, the cost, delay and uncertainty associated with litigation.

WHEREAS, the Settling Parties desire to fully and finally resolve all matters between themselves whatsoever, including any and all actions, rights, claims, demands, disputes, damages, counterclaims, cross-claims, obligations, liabilities and causes of action of any kind or character whether asserted or unasserted, direct or indirect, pertaining to, related to, or that could be raised with respect to the Transfer.

NOW, THEREFORE, in consideration of the premises, payments, releases and other good and valuable consideration set forth below, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties agree as follows:

1. The recitals above are incorporated into and made a substantive part of this Agreement.

2. Subject to the terms and conditions of this Agreement and the approval of this Agreement by a final, non-appealable order in the Case, the Settling Parties agree to settle any and all claims, demands, obligations, actions, and causes of action at law or in equity that the Trustee, solely in her capacity as Trustee of the Estate, asserted or could have asserted under the Bankruptcy Code against the Debtor or any of his respective successors or assigns, arising out of the Settled Claim in consideration of the payment by the Debtor of the lump sum of **$27,000.00** ("Settlement Amount").  Prior to or upon execution of this Agreement by the Debtor, he shall pay the Settlement Amount to the Trustee to be held pending entry of a final, non-appealable order in the Case approving this Agreement.

3. Upon payment of the Settlement Amount, the approval of this Agreement by a final, non-appealable order in the Case, and the execution of this Agreement by the Settling Parties, the Trustee, solely in her capacity as Trustee of the Estate, waives and releases the Debtor and his respective successors or assigns, from any and all actions, rights, claims, demands, defenses, disputes, damages, counterclaims, cross-claims, obligations, liabilities and causes of action relating to the Settled Claim, *provided*, *however*, the Trustee does not waive or release, and nothing herein shall be construed as waiving or releasing, any and all claims and causes of action to enforce the terms of this Agreement.

4. Upon payment of the Settlement Amount, the approval of this Agreement by a final, non-appealable order in the Case, and the execution of this Agreement by the Settling Parties, the Debtor waives and releases the Trustee and the Estate and its assigns, agents, officers, directors, attorneys, predecessors, affiliates and successors from any and all actions, rights, claims, demands, defenses, disputes, damages, counterclaims, cross-claims, obligations, liabilities and causes of action against the Trustee and/or the Estate relating to the Settled Claim, *provided*, *however*, the Debtor does not waive or release, and nothing herein shall be construed as waiving or releasing, any and all claims and causes of action to enforce the terms of this Agreement.

5. Subject to the approval of this Agreement by a final, non-appealable order in the Case, each of the signatories to this Agreement represents and warrants that he or she is authorized to execute this Agreement on behalf of his or her respective party or parties and by such signature to bind that party or parties to this Agreement.

6. The Trustee agrees to use reasonable efforts to obtain from the Bankruptcy Court an order approving this Agreement, which order shall be final and non-appealable.

7. It is expressly understood and agreed that the terms hereof, including the recital paragraphs and headings, are contractual and that the agreement herein contained and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release or other consideration given shall be construed as an admission of any kind.

8. Each Settling Party represents that he or she has read this Agreement, understands all the terms herein, and is fully aware of its intent and its legal effect and has not been influenced to any extent whatsoever by any representation or statement made by another Settling Party except as expressly set forth in this Agreement.

9. Each Settling Party acknowledges (i) that he or she has participated in the negotiation of this Agreement, and no provision of this Agreement shall be construed against or interpreted to the disadvantage of a Settling Party by any court or other governmental or judicial authority by reason of such Settling Party having or being deemed to have structured, dictated or drafted such provision; (ii) that he or she has at all times had access to an attorney in the negotiation of the terms of and in the preparation and execution of this Agreement, and that he or she has had the opportunity to review, analyze and discuss this Agreement, and the factual matters underlying this Agreement, with his or her counsel for a sufficient period of time prior to the execution and delivery of this Agreement, and that he or she is fully aware of the intent and legal effect of this Agreement; (iii) that all of the terms of this Agreement were negotiated at arm's length; and (iv) that this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by a Settling Party upon the other Settling Party.

10. Each Settling Party agrees to execute and deliver, or cause to be executed and delivered, from time to time, such further instruments or documents as may be required to facilitate the carrying out of the intention of this Agreement.

11. This Agreement constitutes the sole and entire agreement among the Settling Parties and supersedes all prior agreements, negotiations and discussions among them with respect to the subject matter covered herein. This Agreement shall not constitute a settlement or release of any claims or rights that may be enjoyed by any of the Settling Parties that are not expressly resolved herein.

12. Any amendment to this Agreement must be in writing and signed by the authorized representative of each of the Settling Parties and approved by the Bankruptcy Court.

13. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement. This Agreement may be executed by facsimile signature, which shall have the same force and effect as an original signature.

14. This Agreement shall be construed and interpreted in accordance with applicable federal law and the laws of the State of Maryland.

15. The Bankruptcy Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Agreement and to resolve any disputes in connection herewith.

IN WITNESS WHEREOF, the parties hereto have executed or caused to be executed this Agreement with the specific intention of creating a document under seal as of the date(s) written below.

Dated: August ____, 2019             _____ (SEAL)
                                     Monique D. Almy, solely in her capacity as the
                                     Trustee of the Debtor's Estate


Dated: August ____, 2019             _____ (SEAL)
                                     Jeffrey Douglas Rathell, Sr.