**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division - SAL)

| | | |
|---|---|---|
| IN RE: | * | |
| JEFFREY DOUGLAS RATHELL, SR. | * | Case No. 19-15056-TJC |
| Debtor. | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR ENTRY OF ORDER ESTABLISHING THE
RETENTION OF THE ESTATE'S INTERESTS IN CERTAIN ASSETS
AFTER FILING OF TRUSTEE'S FINAL REPORT AND CLOSURE OF CASE**
[29432 Buckingham Drive and 29477 Skipton Cordova Road]

Constance M. Rathell, by and through her undersigned counsel, hereby moves pursuant to 11 U.S.C. §§ 105(a) and 554[1] for the issuance of an Order establishing the retention of the bankruptcy estate's interests in certain assets despite the filing of a final report and anticipated closure of this case, and states:

**Background and Parties**

1. On April 12, 2019 (the "Petition Date"), Jeffrey Douglas Rathell, Sr. (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2. Monique D. Almy (the "Trustee") was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate") and continues to serve in such capacity.

3. Among the scheduled assets of the Estate are the Debtor's ownership interests in the certain real properties known as (i) 29432 Buckingham Drive, Cordova, MD 21625 (the "Buckingham Property") and (ii) 29477 Skipton Cordova Road, Cordova, MD 21625 (the

---

[1] Unless otherwise indicated, all code section references are to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., and all rule references are to the Federal Rules of Bankruptcy Procedure.

"Skipton Cordova Property")[2] (together, the "Properties").

4. On December 5, 2019, the Trustee filed her Final Report (ECF 50), which indicates that the Debtor's Properties will be considered fully administered without any recovery therefrom for the benefit of the Estate; such that the Properties stand to be abandoned to the Debtor pursuant to the applicable provisions of Section 554 and Rule 5009.

5. As scheduled by the Debtor, the Properties are both subject to liens in excess of their value, as follows:

| **Property** | **Value** | **First Lien** | **Second Lien** |
|---|---|---|---|
| Buckingham | $374,450 | $217,000 | $437,994.49 |
| Skipton Cordova | $105,000 | $10,300 | $437,994.49 |

6. However, but for the identified "Second Liens," the Properties would have significant equity available for liquidation by the Trustee for the benefit of the Estate.

7. The Second Liens result from Indemnity Deeds of Trust, both of which secure the same debt – as indicated by the identical loan balance – specifically, the underlying debt is a loan obtained by the Debtor for his business operations, and is due and owing to 1880 Bank, as successor to the National Bank of Cambridge (the "1880 Bank Debt").

8. In addition to the Second Liens on the Debtor's Properties, the 1880 Bank Debt is also secured by a first position lien against that certain real property commonly known as 12681 Old Skipton Road, Queen Anne, MD 21657 (the "Non-Debtor Property") owned by the movant,

---

[2] The Debtor mistakenly identified the address for this property as 29**7**77 Skipton Cordova Road on his filed schedules.

#3428679v.1

Constance M. Rathell ("Ms. Rathell"), who is the mother of the Debtor and had also guaranteed the 1880 Bank Debt in order to help her son's attempt to save his failing business; the trust of the Debtor's deceased father, The Charles R. Rathell, Jr. Residuary Trust (the "Residuary Trust") is also co-owner of the Non-Debtor Property and serves as a guarantor on the 1880 Bank Debt.

9.     The Non-Debtor Property is currently listed for sale in conjunction with Ms. Rathell's pending Chapter 13 proceeding, Case No. 19-18716-TJC.

10.    Pursuant to an appraisal obtained by 1880 Bank in August 2019, the fair market value of the Non-Debtor Property is $850,000 and, therefore, the sale of the Non-Debtor Property stands to full satisfy the 1880 Bank Debt.

11.    The satisfaction of the 1880 Bank Debt by way of the Non-Debtor Property will satisfy the Second Liens, thereby creating significant equity in the Debtor's Properties available for liquidation for the benefit of the Estate.

12.    Ms. Rathell is a creditor of the Debtor with allowed claim of $479,951.82 (Claim 11), and stands to be paid a distribution from the Estate pursuant to the Trustee's pending Final Report.

13.    Ms. Rathell's claim against the Debtor result from the Debtor's obligations owed under a Settlement Agreement executed in April 2016, providing, *inter alia*, that the Debtor was to make the payments on the 1880 Bank Debt to prevent any default and to satisfy the liens on the Non-Debtor Property, and that the Debtor would otherwise indemnify Ms. Rathell from any losses or liabilities associated with the 1880 Bank Debt.

14.    Likewise, the Residuary Trust has an allowed claim against the Estate (Claim 10) on the same basis.

15.    The Residuary Trust currently maintains an adversary proceeding, Case No. 19-

#3428679v.1

00257, seeking to determine that its claims against the Debtor are non-dischargeable due to the willful, malicious and/or fraudulent nature of the Debtor's conduct in transferring assets in conjunction with avoiding his obligations to 1880 Bank, the Residuary Trust, and Ms. Rathell.

### The Retention of the Properties by the Estate

16. While Ms. Rathell does not otherwise object to or oppose the Trustee's Final Report, she seeks to have the Estate retain its interest in the Debtor's Properties.

17. Thus, Ms. Rathell seeks the entry of an order clearly stating that the Properties will remain property of the Estate despite the pending approval of the Trustee's Final Report and the closure of this case.

18. The Trustee, or other appropriate party, may later move to reopen the case pursuant to Section 350 to seek to administer the Properties.

19. The retention of the Properties is in the best interest of the Estate and creditors.

20. But for the retention of the Properties by the Estate, the Debtor stands to receive a windfall in retaining his ownership of the Properties – that will soon have significant equity of more than $200,000 when Ms. Rathell satisfies the 1880 Bank Debt – but with the Debtor having discharged Ms. Rathell's contribution and other claims, should he prevail in defending the non-dischargeability action.

21. Pursuant to Local Rule 9013-2, no memorandum in support will be filed and the movant will rely solely upon the Motion.

WHEREFORE, Constance M. Rathell respectfully requests that the Court enter an Order directing that:

A. The Properties shall remain property of the Bankruptcy Estate despite the Trustee's filing of her Final Report and closure of the case;

#3428679v.1

B. An appropriate party, including the Trustee, may move to reopen the case pursuant to Section 350 to seek to administer the Properties at a later date; and

C. Such other and further relief as the nature of this cause may require.

 /s/ Joseph M. Selba
Joseph M. Selba, Bar No. 29181
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202
(410) 752-9753
jselba@tydingslaw.com
*Counsel for Constance M. Rathell*

#3428679v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Motion* and proposed order filed herewith will be served electronically by the Court's CM/ECF system on the following:

- Monique D. Almy, *Chapter 7 Trustee* malmytrustee@crowell.com, cbest@crowell.com, malmy@ecf.axosfs.com
- Gregory Alan Dorsey, *Creditor's Counsel*, gdorsey@kellydorseylaw.com, tdorsey@kellydorseylaw.com
- Randall L. Hagen, *Trustee's Counsel*, rhagen@crowell.com
- Martin G. Oliverio, *Debtor's Counsel*, mgo@oliveriolaw.net, oliveriomr79665@notify.bestcase.com
- Daniel M. Press, *Debtor's Counsel*, dpress@chung-press.com, pressdm@gmail.com

I HEREBY FURTHER CERTIFY that on this 3rd day of January, 2020, a copy of the foregoing *Motion* and proposed order filed herewith will be served by first class mail, postage prepaid to:

| | |
|---|---|
| Office of the U.S. Trustee<br>Garmatz Federal Courthouse<br>101 West Lombard Street<br>Suite 2625<br>Baltimore, Maryland 21201 | 1880 Bank<br>c/o Adam M. Lynn, Esq.<br>McAllister, DeTar, Showalter & Walker<br>100 N. West Street<br>Easton, Maryland 21601<br>*Lienholder* |
| Jeffrey D. Rathell, Sr.<br>29432 Buckingham Drive<br>Cordova, MD 21625<br>*Debtor* | |

/s/ Joseph Selba  
Joseph Selba

#3428679v.1